UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY DENISE WELLS | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:21-CV-284-RPM |
| COMMISSIONER OF SOCIAL SECURITY | DEFENDANT |

## MEMORANDUM AND OPINION

Before the Court is Plaintiff Kimberly Denise Wells' complaint appealing from the Commissioner of Social Security's decision denying her claim for disability benefits under the Social Security Act ("the Act"). Plaintiff was 50 years old at the alleged onset of disability with a high school education and past relevant work as a housekeeper, pharmacy sales associate, and school cafeteria worker. Doc. [9], at 195. Plaintiff applied for Title II Disability Insurance Benefits on January 24, 2020. She later applied for Supplemental Security Income Benefits on June 5, 2020. *Id*. at 156–60. In both applications, Plaintiff alleged disability beginning May 13, 2019, due to stage 1 breast cancer, HIV, high blood pressure, lymphedema, and diabetes. *Id*. at 194. Plaintiff's claims were denied initially on April 21, 2020, and upon reconsideration on June 5, 2020. *Id*. at 115 and 122. Plaintiff eventually requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 42.

On January 7, 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 12–27. The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2019 and has not engaged in substantial gainful activity since the alleged onset date of May 13, 2019. *Id*. at 18. The ALJ found that that Plaintiff had severe impairments of lymphedema, diabetes, obesity, rheumatoid arthritis, and sleep apnea. *Id*. at 18. The ALJ concluded that Plaintiff did not

meet any of the listed impairments. However, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), § 416.967(b) with functional limitations. Doc. [9], at 20. The ALJ determined that Plaintiff is capable of performing past relevant work as a cleaner housekeeper and pharmacy tech. *Id.* at 25. Relying on testimony from a vocational expert, the ALJ found that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy; therefore, she is not disabled as defined by the Act. *Id*. The Appeals Council denied Plaintiff's request for review. *Id.* at 1–3. Plaintiff then filed the instant appeal of the Commissioner's decision. Doc. [1]. In her memorandum brief, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not properly address Plaintiff's subjective complaint of fatigue. Doc. [15].

I. APPLICABLE LAW

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive; and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th

2

Cir. 1988). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

II. DISCUSSION

Plaintiff's central argument on appeal is that the ALJ failed to fully consider her subjective complaint of fatigue in compliance with 20 C.F.R. § 404.1529, which requires an ALJ to consider a list of factors when evaluating the intensity and persistence of a claimant's symptom. "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted); *Devries v. Saul*, 2020 WL 1584393, at *1 (S.D. Miss. Mar. 31, 2020). While the ALJ must consider a claimant's subjective complaints, she is allowed to examine the objective medical evidence to test claimant's credibility. *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985). A claimant's subjective complaints may be discounted by an ALJ if they are inconsistent with other evidence in the record. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Based on the evidence of record, the ALJ concluded that Plaintiff had the residual functional capacity to perform a reduced range of light work subject to certain postural and environmental limitations. Given the evidence of record, the Court finds the ALJ's decision is substantially supported and entitled to considerable deference here.

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. Doc. [9], at 21. Plaintiff takes issue with the ALJ's explanation on why Plaintiff's statements were not consistent with the evidence. She argues the ALJ's explanation failed to address her statements about fatigue, either from her severe sleep apnea or the side effects of her chemotherapy medication. Doc. [15], at 8–10. Plaintiff does not point to any medical opinion establishing Plaintiff's fatigue resulted from either of those causes.

4

Further, the Court does not find any such opinion in the record.

The ALJ did note Plaintiff's subjective complaints of fatigue. In the ALJ's RFC analysis, the ALJ mentioned Plaintiff reported fatigue at the hearing. Doc. [9], at 21. The ALJ wrote: "Her medicine, she claimed, causes nausea and fatigue. She said she is unable to work because of muscle weakness, joint pain, pain in her hands, and swelling in her right leg along with fatigue." *Id*. Later, when discussing the only treating physician's medical opinion, Dr. Carroll, the ALJ noted that Plaintiff "reported worsening fatigue since her last visit" to the doctor. Doc. [9], at 22. Thus, the record indicates the ALJ did consider Plaintiff's statements about fatigue.

Moreover, at the hearing, the ALJ asked Plaintiff about her issues related to fatigue and how often she needed to lie down. Doc. [9], at 79. Plaintiff explained that she can get very tired and may need to lie down for a day or couple days. Plaintiff added that her muscle pain leads to "excruciating pain on those days that I have to lay down." *Id*. at 80. Plaintiff described pain from her hands. The ALJ considered that testimony, which is related to fatigue, when discussing Plaintiff's complaints in the RFC analysis. The ALJ wrote: "Although the claimant reports some generalized weakness and widespread pain, the undersigned does not find the evidence supports limitations greater than 6 hours each of sitting, standing, and/or walking in an 8-hour day with normal breaks." Doc. [9], at 24. Thus, the ALJ accounted for Plaintiff's fatigue when determining Plaintiff's functional limitations.

The ALJ considered Plaintiff's subjective complaints while examining the objective medical evidence to test Plaintiff's credibility. *Johnson*, 767 F.2d at 182. The ALJ's functional limitations tracked closely with Dr. Carroll's opinion. Doc. [9], at 1328. The ALJ further explained that the Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with a finding of disability. It was Plaintiff who linked her muscle pain to her need to

lie down. *Id*. at 80. The ALJ thoroughly examined Plaintiff's subjective complaints about muscle pain; and hence, fatigue. For instance, the ALJ noted that Plaintiff reported issues of generalized weakness with her left arm, but she was right-handed. *Id*. at 23. The ALJ described that the rheumatologist's examination did not support Plaintiff's complaint of generalized weakness. Further, Plaintiff's radiographic findings were generally normal. *Id*. The ALJ also highlighted that another physician reported no abnormality of gait and no abnormal findings as to muscle strength, tone, or range of motion. Therefore, the ALJ properly discounted the claimant's subjective complaints as inconsistent with other evidence in the record. *Dunbar*, 330 F.3d at 672; Doc. [9], at 1016.

Additionally, the ALJ relied on Plaintiff's own statements about her level of activity to support the RFC. For instance, the ALJ explained that Plaintiff told a doctor she was gardening for exercise. Doc. [9], at 23. Plaintiff also testified that she lived alone, drove, and made herself breakfast. *Id*. at 21–24. The ALJ concluded that Plaintiff was capable of performing daily activities that support light work. By reviewing Plaintiff's daily activities, the ALJ concluded that Plaintiff's own statements regarding her symptoms were inconsistent with a finding of disability, which implicates Plaintiff's comments on fatigue.

Based on the foregoing, the Court concludes that substantial evidence supports the ALJ's RFC finding. The record shows that the ALJ explained why the Plaintiff's opinions were not persuasive to her. For example, the ALJ wrote "She [plaintiff] testified that she uses a lymphedema pump 50 minutes per day, but there is no indication that this must be done during the workday." Doc. [9], at 23. The ALJ compared Plaintiff's statements with the medical evidence. *See Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981) ("[w]e have no reason to question the ALJ's general statement" that he considered all of the evidence); *Gaultney v. Weinberger*, 505 F.2d 943, 945–46

6

(5th Cir. 1974) ("we see no reason to question the Judge's statement" that he considered all of the evidence); *Jackson v. Comm'r of Soc. Sec.*, 2019 WL 4180515, at *5 (S.D. Miss. Aug. 1, 2019).

Further, this Court, does not resolve conflicts in the evidence; that is left to the discretion of the Commissioner. *Selders*, 914 F.2d at 617. The ALJ found that the evidence of record was more persuasive than Plaintiff's subjective complaints, a determination within the purview of the ALJ. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) ("a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence"). The ALJ gave sufficient reasons for her findings, and the ALJ's decision is supported by substantial evidence.

IT IS THEREFORE ORDERED AND ADJUDGED that the Commissioner's decision is AFFIRMED. A Final Judgment in favor of the Commissioner shall be entered by separate order.

SO ORDERED AND ADJUDGED, this the 29th day of March 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE